IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TERRELL LAWRENCE | ) | |
| | ) | |
| v. | ) | NO. 3:05-0627 |
| | ) | |
| TONY PARKER, WARDEN | ) | |

TO: Honorable Robert L. Echols, District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By order entered December 21, 2005 (Docket Entry No. 23), the above captioned petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 was referred to the Magistrate Judge for further proceedings under Rule 8(b), Habeas Corpus Rules, 28 U.S.C. § 636(b)(1)(B), and Rule 304 of the Local Rules for Magistrate Proceedings.[1]

Presently pending before the Court is Respondent's renewed motion to dismiss (Docket Entry No. 50), to which Petitioner has filed a response in opposition (Docket Entry No. 52).[2] Set out below is the Court's recommendation for disposition of the motion.

---

[1] The Local Rules were amended on April 1, 2005, so that the referenced Local Rule is now codified as Rule 7 of the Local Rules Governing Duties of and Proceedings before Magistrate Judges.

[2] Petitioner filed a "Rule 60 Motion for Relief from Judgment." However, by Order entered August 16, 2007 (Docket Entry No. 54), the Court found that Petitioner was not seeking relief from any judgment, and thus denied the motion, deeming it to be a response

# I. BACKGROUND

Petitioner is an inmate of the Tennessee Department of Correction ("TDOC") incarcerated at the Northwest Correctional Complex in Tiptonville, Tennessee. On September 13, 2001, he pled guilty in Davidson County, Tennessee, to charges of second degree murder, aggravated assault, and carjacking. For these crimes, he received an effective sentence of thirty-five (35) years imprisonment.

Petitioner did not file a direct appeal, and his first challenge to his incarceration was a petition for post-conviction relief filed in the state court on January 24, 2002. After the petition was denied, he unsuccessfully appealed to the Tennessee Court of Criminal Appeals. His application for permission to appeal to the Tennessee Supreme Court was denied on December 1, 2003. Petitioner did not seek a writ of certiorari from the United States Supreme Court.

Petitioner then filed a motion on August 27, 2004, to reopen his post-conviction relief proceeding. The motion was denied on September 24, 2004. Petitioner attempted to appeal the denial of the motion to reopen but contends that actions taken by the clerk's office for the Tennessee Court of Criminal Appeals prevented him from filing a timely appeal. Petitioner ultimately filed an application for permission to appeal with the Tennessee Court

---

to Respondent's motion to dismiss.

of Criminal Appeals on December 20, 2004. The application was denied on March 15, 2005, as untimely. Petitioner did not seek permission to appeal to the Tennessee Supreme Court.

On August 10, 2005, Petitioner filed the instant petition for federal habeas corpus relief under 28 U.S.C. § 2254 raising six grounds for relief:

1. Petitioner was denied a full and fair hearing at his post-conviction relief evidentiary hearing because evidence was illegally admitted;

2. Petitioner did not knowingly and voluntarily enter into his guilty pleas because of coercion and errors committed by his defense counsel;

3. The State coerced Petitioner's co-defendant into giving a false confession which implicated Petitioner in the crimes at issue, which in turn coerced Petitioner into pleading guilty;

4. Petitioner's sentence was illegally enhanced above the presumptive minimum on each conviction;

5. Petitioner was denied the right of appeal because of the errors in the state post conviction relief proceedings; and

6. The cumulative effect of the errors and constitutional deprivations deprived Petitioner of a full and fair hearing and require that his convictions be set aside.

See Petition (Docket Entry No. 1) at 3-4.

In lieu of an answer, Respondent filed a motion (Docket Entry No. 4) to dismiss the petition as untimely, asserting that it was filed beyond the one year statute of limitations set out in 28 U.S.C. § 2244(d)(1). Respondent acknowledged that Petitioner's post-conviction relief proceeding tolled the statute of limitations during the time that it was

pending but argued that tolling did not apply to the time periods when the motion to reopen and the subsequent appeal of the denial of that motion were pending.

In a Memorandum and Order (Docket Entry Nos. 34 and 35) entered September 29, 2006, the Court adopted in part and denied in part the Report and Recommendation ("R&R") (Docket Entry No. 27) issued on the motion and the Court denied Respondent's motion to dismiss. The Court agreed with the conclusion in the R&R that the statute of limitations began to run when Petitioner's conviction became final on October 13, 2001, and that 103 days passed until Petitioner initiated his post-conviction relief proceedings. See Docket Entry No. 34 at 6-7. The Court further agreed that statutory tolling under 28 U.S.C. § 2244(d)(2) applied to the time period from January 24, 2002, to December 1, 2003, while the post-conviction relief proceeding was pending and that, in accordance with the decision in Abela v. Martin, 348 F.3d 164, 172-73 (6th Cir. 2003), the 90 day period during which Petitioner could have sought a writ of certiorari from the United States Supreme Court was also included within the period of tolling. Id.

The Court also agreed with the conclusion in the R&R that Petitioner was entitled to a period of statutory tolling from the filing of his motion to reopen on August 27, 2004, to the time the motion was denied by the trial court on September 24, 2004. Id. at 3 and 6-7. However, the Court found that the determination of the Tennessee Court of Criminal Appeals that Petitioner's application to appeal from the denial of his motion to reopen was

4

untimely filed was a decision entitled to deference for the purposes of statutory tolling and that the statute of limitations was thus not tolled during this time period because the application was not properly filed for the purposes of Section 2244(d)(2). Id. at 11.

The Court then concluded that the facts presented by Petitioner regarding his attempts to file a timely appeal justified equitable tolling of the statute of limitations from the date the state court denied Petitioner's motion to reopen on September 24, 2004, until the Tennessee Court of Criminal Appeals dismissed the appeal from that denial on March 15, 2005. Id. The Court found that the statute of limitations began to run again on March 16, 2005, at which time 282 days of the statute of limitations had already passed. Id. at 8 and 12. The Court found that Petitioner placed his petition in the hands of prison authorities for mailing 75 days later, on May 30, 2005, the 357th day of the one year statute of limitations period, and the federal habeas petition was thus timely brought. Id. at 12.

Having found that the petition for habeas corpus relief was not barred by the one year statute of limitations due to equitable tolling, the Court ordered Respondent to answer the petition. See Order Entered September 29, 2006 (Docket Entry No. 35). Respondent filed an answer (Docket Entry No. 42) contending that Petitioner does not raise cognizable federal habeas claims by his assertions of error in the post-conviction relief proceedings, had procedurally defaulted his Blakely v. Washington sentencing claim, and has not shown

5

that he is entitled to habeas corpus relief on his remaining claims. Petitioner thereafter filed a "Response" to the Answer. See Docket Entry No. 49.

## II. RENEWED MOTION TO DISMISS

On February 20, 2007, the United States Supreme Court issued its opinion in Lawrence v. Florida, __ U.S. __, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007). In Lawrence, the Supreme Court determined that an application for state post-conviction or other collateral review, which triggers tolling of the statute of limitations under 28 U.S.C. § 2244(d)(2), does not remain "pending" after the completion of state court review for the purposes of Section 2244(d)(2) tolling. 127 S.Ct. at 1083. Accordingly, the Supreme Court held that the statute of limitations is not tolled either during the 90 day time period when a petition for a writ of certiorari could be filed with the United States Supreme Court seeking review of the denial of post-conviction relief or during the pendency of a petition for a writ of certiorari that is filed. Id.

Based upon this decision, Respondent renewed its motion to dismiss the petition as untimely. Respondent asserts that Lawrence overrules Abela v. Martin, 348 F.3d 164 (6th Cir. 2003), in which the Sixth Circuit had taken a contrary position on the issue and had permitted tolling during the 90 day time period in which a writ for certiorari could be filed. Respondent contends that, while the Court was correct in applying Abela in its prior

6

finding that Petitioner was entitled to 90 days of tolling after the Tennessee Supreme Court, on December 1, 2003, denied his application for permission to appeal in his post-conviction proceeding, this legal position is no longer tenable in light of <u>Lawrence</u>.

Respondent argues that the Court, in its prior ruling on the motion to dismiss, has already found that:

> 1) 103 days of the statute of limitations ran from the time Petitioner's judgment became final and the time he initiated post-conviction relief proceedings;
>
> 2) the statute of limitations was tolled from the filing of the post-conviction relief proceeding until the Tennessee Supreme Court denied Petitioner's application for permission to appeal on December 1, 2003;
>
> 3) the statute of limitations remained tolled for an additional 90 days until March 1, 2004, when the time for Petitioner to file a writ of certiorari expired; and
>
> 4) 179 additional days of the statute of limitations ran until Petitioner filed his motion to re-open on August 27, 2004, which triggered a second round of tolling under Section 2244(d)(2).

Respondent contends that when, in accordance with <u>Lawrence</u>, Petitioner is no longer given the benefit of tolling for the 90 day period, 372 non-tolled days had already passed and the one year statute of limitations had already expired when Petitioner filed his motion to reopen. Thus, Respondent argues that Petitioner's federal petition was untimely prior to any tolling occasioned by the motion to reopen and prior to the period of equitable tolling which this Court found to apply from September, 24, 2004, to March 15, 2005.

7

Respondent also devotes much of its motion to arguing that Petitioner's post-conviction relief proceeding ended on December 1, 2003, when the Tennessee Supreme Court issued its order denying Petitioner's request for permission to appeal and not on December 19, 2003, when the Clerk for the Tennessee Court of Criminal Appeals issued its mandate in the appellate case.

### III. PETITIONER'S RESPONSE

Petitioner responds by first asserting that this Court has already decided that tolling should apply to the 90 day period and that <u>Lawrence</u> has no relevance to his case. Petitioner then asserts that, even if the 90 day period cannot be viewed as part of statutory tolling, he should nonetheless be entitled to have the 90 days equitably tolled because the Court has already found that he acted diligently to protect his rights and because it was reasonable for him to rely on the settled law of the Sixth Circuit as set out in <u>Abela</u> regarding the issue of tolling. Petitioner finally contends that counsel for Respondent has essentially admitted that, if the Court views the date when the mandate was issued as having a legal meaning, then the petition would be timely even if <u>Lawrence</u> applied.

Although not raised in his response in opposition, Petitioner subsequently filed a motion (Docket Entry No. 53) for an evidentiary hearing in which he again raised the issue of his actual innocence as an excuse for any procedural default in this action.[3]

## IV. CONCLUSIONS

A. The Effect of Lawrence v. Florida

The decision of the United States Supreme Court in Lawrence is controlling law on the issue of whether statutory tolling applies to the 90 day time period for filing a writ of certiorari. Accordingly, the holding in Abela is no longer good law, and the prior ruling of this Court on the issue of statutory tolling for the 90 day time period must be revisited. See Harper v. Virginia Dept. of Taxation, 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993) ("When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule").

---

[3] Petitioner raised the issue of actual innocence in his response in opposition to the first motion to dismiss. Although analysis of this issue was included in the R&R, see Docket Entry No. 27 at 17-19, a determination of the issue was not necessary for the Court's ultimate decision because the Court found that general equitable tolling rendered the petition timely and the analysis was not expressly adopted or rejected.

9

Lawrence compels a finding that tolling under Section 2244(d)(2) does not apply to the 90 day time period during which Petitioner could have sought a writ of certiorari from the denial of his post-conviction relief petition. Tolling of the one year statute of limitations ceased after December 1, 2003, the date on which the Tennessee Supreme Court denied Petitioner's application for permission to appeal and the last date upon which the post-conviction relief proceeding remained pending.[4] At this time, 103 days of the statute of limitations has passed and Petitioner had 262 days left within which to file his federal habeas corpus petition. When Petitioner filed his motion to reopen 272 days later, seven days too late, the statute of limitations had already run and any tolling caused by the motion to reopen was irrelevant since the statute had already run. Even if the Court, however, found that the motion to reopen had been filed on the last day of the one year statute of limitations period, the Petitioner waited another 75 days after the tolling occasioned by the motion to reopen and subsequent appeal from the denial of that motion had stopped before filing his federal habeas corpus petition.

---

[4] The date when the Tennessee Supreme Court denied permission to appeal concludes the post-conviction proceeding, not the date upon which the mandate was entered. See Dunlap v. State, No. E2001-00189-CCA-R3-PC, 2001 WL 1231507 (Tenn. Crim. App., October 12, 2001), perm. app. denied, (Tenn. May 6, 2002) (state court decision becomes final on the date the Tennessee Supreme Court either files its opinion or denies permission to appeal).

B. Equitable Tolling

The Court agrees with Petitioner that equitable tolling should apply to the 90 day time period and that the petition should be viewed as timely. As previously found by this Court, Petitioner has been diligent in pursuing his rights and there would be no prejudice to Respondent if equitable tolling applied and the claims raised in the petition were addressed on their merits. See Memorandum entered September 29, 2006 (Docket Entry No. 34) at 11 and 15.

Further, the decision in Abela v. Martin, 348 F.3d 164 (6th Cir. 2003), was entered on October 22, 2003, and provided notice to potential habeas corpus petitioners within the Sixth Circuit that the law of the Sixth Circuit was:

> under section 2244(d)(2), the statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case.

348 F.3d at 172-73. Thus, at the time Petitioner's post-conviction relief proceeding was finally resolved on December 1, 2003, it was reasonable for him to rely upon Abela and believe that he had an additional 90 days during which the statute of limitations for filing a federal habeas petition was tolled. Indeed, in light of the clear pronouncement of this rule in Abela, there would have been no reason to think otherwise. The instant situation does not present a case in which Petitioner was confused about the law or was

11

unknowledgeable about the law. Accordingly, the factors of notice and the reasonableness of Petitioner's actions involved in determining equitable tolling, Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001), weigh in favor of Petitioner.

Basic fairness dictates that Petitioner should not be penalized because he relied upon the then existing law of the Sixth Circuit regarding tolling of the 90 day time period. Cf. Dowdy v. Sherry, 2007 WL 2221400 (E.D. Mich, July 31, 2007) (denying respondent's motion for summary judgment on the issue of timeliness and noting the issue of equitable tolling is a question post-Lawrence v. Florida because of the state of the law that existed in the Sixth Circuit under Abela).[5]

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that Respondent's renewed motion to dismiss (Docket Entry No. 50) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with

---

[5] Because the Court finds that general equitable tolling applies, analysis of Petitioner's claim of actual innocence is not necessary for resolution of the renewed motion to dismiss. If the Report and Recommendation is adopted, however, Respondent should be required to respond to the actual innocence claim as again asserted by Petitioner in his motion for an evidentiary hearing (Docket Entry No. 53) and to the extent that it may be used to excuse the defense of procedural default raised by Respondent in its answer to the petition.

12

particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge