UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERRELL LAWRENCE, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 3:05-0627 |
| ) | JUDGE ECHOLS |
| TONY PARKER, WARDEN, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Pending before the Court are the Magistrate Judge's Report and Recommendation ("R&R") (Docket Entry No. 56), Respondent's Objection to Report and Recommendation (Docket Entry No. 57), Petitioner's Motion in Opposition to Respondents' Objection To Report and Recommendation (Docket Entry No. 63), and Respondent's Renewed Motion to Dismiss Habeas Corpus Petition (Docket Entry No. 50), to which Petitioner Terrell Lawrence filed a response (Docket Entry No. 52).[1] The Magistrate Judge recommends denial of Respondent's renewed motion to dismiss this habeas petition, brought under 28 U.S.C. § 2254, as untimely. Respondent objects to the recommendation on the ground that Lawrence v. Florida, — U.S. —, 127 S.Ct. 1079 (2007) applies to bar the habeas petition as untimely and the Magistrate Judge erred in suggesting that equitable tolling should apply.

When a party makes timely objections to a Report and Recommendation, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and

---

[1]Although titled "Rule 60 Motion For Relief From Judgment," the Magistrate Judge properly construed the *pro se* filing as a response to the renewed motion to dismiss. (Docket Entry No. 55.)

1

consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.P. 9(b)(3); Fed.R.Civ.P. 72. The Court has carefully reviewed the entire record in this case, including the prior lengthy R&R (Docket Entry No. 27) submitted by the Magistrate Judge on Respondent's initial motion to dismiss (Docket Entry No. 4), and this Court's prior Memorandum and Order accepting in part and rejecting in part that R&R and denying Respondent's motion to dismiss.

The Court previously held that the habeas petition was timely filed because Petitioner was entitled to a period of statutory tolling under 28 U.S.C. § 2244(d)(2) and also a period of equitable tolling of the one-year statute of limitations. The reasons for these holdings were explained in the Court's prior Memorandum and Order and competently summarized once again in the pending R&R. There is no need to repeat that analysis here.

The critical point for present purposes is that previously, in determining the span of the period to which statutory tolling applied under § 2244(d)(2), the Court included the ninety (90) days during which Petitioner could have filed in the United States Supreme Court a petition for a writ of certiorari from the Tennessee state courts' denial of his motion to reopen his state postconviction proceeding. After this Court ruled, the Supreme Court held in Lawrence v. Florida, — U.S. —, 127 S.Ct. 1079 (2007) that the 90-day period for filing a petition for a writ of certiorari from a state postconviction proceeding does not toll the one-year statute of limitations for filing a federal habeas action. As a result, Respondent renewed the motion to dismiss. If 90 days are subtracted from the tolling period in this case, Petitioner's § 2254 petition is untimely filed. The Magistrate Judge recommends that Petitioner should receive the benefit of equitable tolling for the 90-day period because, at the time of critical events in this case, Sixth Circuit law was clearly settled and allowed

2

equitable tolling for the 90-day certiorari period. Abela v. Martin, 348 F.3d 164, 172-173 (6th Cir. 2003) (*en banc*). Respondent claims that Petitioner cannot satisfy the requirements of equitable tolling and he did not rely on Abela in his litigation strategy.

The Supreme Court did not decide in Lawrence whether § 2244(d) allows for equitable tolling. Lawrence, 127 S.Ct. at 1085 -1086. Even assuming that equitable tolling may apply, the Supreme Court declined to grant equitable tolling in that case because the petitioner did not "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The Supreme Court rejected a claim that counsel's mistake in calculating the limitations period warranted relief. Id. More importantly for this case, however, the Supreme Court rejected petitioner's claim that legal confusion about equitable tolling reigned because "at the time the limitations period expired in Lawrence's case, the Eleventh Circuit and every other Circuit to address the issue agreed that the limitations period was not tolled by certiorari petitions." Id.

As the Magistrate Judge points out, the Sixth Circuit later parted ways with the other circuits and held *en banc* in Abela that the 90-day period for filing a petition for a writ of certiorari was excludable in calculating the statute of limitations. Petitioner was entitled to rely on this *en banc* case as the unquestionable law of this circuit at the time. The Supreme Court's Lawrence decision four years later abrogating Abela is an extraordinary circumstance Petitioner could not have foreseen. Moreover, as this Court explained in its prior Memorandum and Order, Petitioner diligently pursued his state-law rights, and he is entitled to equitable tolling. See Fields v. Howes, 2007 WL 2178421 (E.D. Mich. July 27, 2007) (granting equitable tolling on other grounds after

3

Lawrence); Dowdy v. Sherry, 2007 WL 2221400 (E.D. Mich. July 31, 2007) (noting application of equitable tolling is in issue post-Lawrence). The habeas petition is timely filed.

For these reasons, the Court rules as follows:

(1) Respondent's Objection to Report and Recommendation (Docket Entry No. 57) is hereby OVERRULED.

(2) Petitioner's Motion in Opposition to Respondents' Objection To Report and Recommendation (Docket Entry No. 63) is hereby GRANTED.

(3) The Magistrate Judge's Report and Recommendation ("R&R") (Docket Entry No. 56) is hereby ACCEPTED.

(4) Respondent's Renewed Motion to Dismiss Habeas Corpus Petition (Docket Entry No. 50) is hereby DENIED.

(5) This case is hereby returned to the Magistrate Judge to rule on the remaining pending motions, to establish any necessary deadlines to complete briefing, to hold any necessary evidentiary hearing, and to submit an R&R addressing the parties' claims and defenses.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE